JUNTA DE DIRECTORES CONDOMINIO MONTEBELLO, demandante y recurrente, *v.* WALTER TORRES, demandado y recurrido.

*Número:* CE-94-2  *Resuelto:* 4 de abril de 1995

---

*Mario A. Beauchamp*, abogado del recurrente; *José Juan Torres Escalera*, de *Jiménez, Graffam & Lausell*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Este caso requiere que examinemos los elementos que constituyen la fachada de un edificio que está sometido al régimen de propiedad horizontal. A petición de la Junta de Directores del Condominio Montebello (en adelante Junta) revisamos una sentencia del Tribunal Superior que determinó que el cierre de un balcón con ventanales de cristal en un apartamento en el Condominio Montebello no cambió la fachada del inmueble.

La controversia de autos es una muestra de los conflictos que con más frecuencia afectan la convivencia en un edificio que está sometido al régimen de propiedad horizontal. En el caso particular del Condominio Montebello, ésta es la segunda ocasión en que este Tribunal tiene que resolver una controversia relativa a las alteraciones de la fachada del edificio. Véase *Junta Dir. Cond. Montebello v. Fernández,* 136 D.P.R. 223 (1994).

Por entender que en el caso de autos la instalación de un ventanal de cristal en el balcón fue un cambio en la forma externa de la fachada no autorizado por los otros titulares, revocamos.

## I

El recurso ante nos surge de una de las acciones judiciales entabladas por la Junta en marzo de 1993 para obligar a ciertos titulares a corregir unas alteraciones efectuadas en sus apartamentos que alegadamente cambiaban la fachada del condominio. La Junta acudió a los tribunales en cumplimiento de una decisión del Departamento de Asuntos del Consumidor que le ordenaba a tomar las acciones legales necesarias para corregir las alteraciones a la fachada realizadas por varios titulares en violación del Art. 15(d) de la Ley de la Propiedad Horizontal, 31 L.P.R.A. sec. 1291m(d). La Junta solicitó en su demanda que el tribunal ordenase a los titulares que corrigiesen sus respectivas violaciones de fachada y la restituyesen a su estado original.

Una de las acciones incoadas fue contra el titular Walter Torres. En específico, se alegó que él cerró un balcón con un ventanal de cristal y, al hacerlo, amplió el área cerrada de su apartamento. Luego de diversos trámites procesales, el Tribunal Superior desestimó la demanda. Aunque encontró que Torres cerró su balcón, el foro de instancia concluyó que no se alteró la fachada del edificio por que "hay varios árboles de gran tamaño que apenas hacen visible el área del apartamento del demandado donde está instalado el cristal". Anejo I, pág. 4.

Inconforme con esta sentencia, la Junta interpuso el recurso de autos. En su petición sostiene que el Tribunal Superior interpretó erróneamente el Art. 15(d) de la Ley de la Propiedad Horizontal, 31 L.P.R.A. sec. 1291m(d), y que las alteraciones que Torres llevó a cabo en su apartamento tuvieron el efecto de cambiar la fachada del condominio.

Mientras que en el caso de *Junta Dir. Cond. Montebello v. Fernández*, supra, reconocimos que la Junta tenía autoridad para recurrir a los tribunales para poner en vigor una orden administrativa de DACO, éste recurso requiere que determinemos si los cambios efectuados por un titular en su apartamento constituyen una alteración de la fachada del Condominio Montebello, prohibida por el Art. 15(d) de la Ley de la Propiedad Horizontal, *supra.*

## II

■ Para facilitar la convivencia entre los titulares de un inmueble, sin que se intervenga indebidamente con los derechos individuales de los demás, nuestro ordenamiento estableció un balance delicado con unas reglas mínimas para el uso y disfrute de cada apartamento. Con estos propósitos el Art. 15 de la Ley de la Propiedad Horizontal, 31 L.P.R.A. sec. 1291m, reconoce que cada titular tendrá el uso exclusivo del apartamento, siempre que no afecte la paz y tranquilidad de los demás y contribuya proporcionalmente a los gastos incurridos para operar y administrar el régimen de propiedad horizontal. Aunque estas reglas mínimas propician la convivencia y armonía entre los titulares, su propósito "no es establecer un sistema comunitario, sino viabilizar la propiedad individualizada de los apartamentos". M. Godreau, *El condominio: el régimen de propiedad horizontal en Puerto Rico*, San Juan, Ed. Dictum, 1992, pág. 125.

■ Por esta razón, aunque el régimen reconoce el uso exclusivo de cada apartamento por su titular, también impone unas limitaciones al disfrute de cada uno en interés de la colectividad. *Cond. Prof. S.J. H. Centre v. P.R.F., Inc.*, 133 D.P.R. 488 (1993). En particular, el estatuto restringe las mejoras, modificaciones, reparaciones y la limpieza que un titular puede llevar a cabo en su apartamento:

Cada titular deberá ejecutar a sus únicas expensas las obras de modificación, reparación, limpieza, seguridad y mejoras de su apartamiento, sin perturbar el uso y goce legítimo de los demás, *ni cambiar la forma externa de las fachadas*, ni decorar las paredes, puertas o ventanas exteriores con colores o tonalidades distintas a las del conjunto. (Énfasis suplido.) 31 L.P.R.A. sec. 1291m(d).

Este precepto impide que un titular —*por su cuenta*— lleve a cabo obras en su apartamento que: (1) afecten el uso y disfrute de los demás; (2) alteren la fachada, o (3) decoren las puertas, paredes o ventanas con colores que afecten el conjunto arquitectónico y estético del edificio. La premisa inarticulada de estas restricciones es que las consideraciones arquitectónicas y estéticas de la fachada de un edificio son parte de los criterios principales utilizados por un titular para adquirir un apartamento en un edificio determinado.

La prohibición referente a la fachada es una de las más neurálgicas de nuestro ordenamiento. De hecho, es la que más controversias ha generado precisamente porque es una materia en la cual chocan con frecuencia los estilos de vida y gustos individuales de un titular con los del resto de los propietarios y con la armonía que debe prevalecer en la vida en un condominio. Véase E. Colón, *The Horizontal Property Regime or Condominium System of Property in Puerto Rico and Louisiana: A Comparative Outlook*, XVI Rev. Jur. U.I.A. 227, 239 (1982). Como en el caso de autos, los conflictos más frecuentes se originan cuando la Junta cuestiona las modificaciones y mejoras efectuadas por un titular en su propiedad porque afectan y son incompatibles con el conjunto arquitectónico y estético de la fachada del edificio.

Esta restricción parte de la premisa de que tanto la fachada como las demás paredes perimetrales de un edificio son consideradas como bienes de uso común por ser racionalmente necesarias para la "existencia, conservación, seguridad y adecuado uso y disfrute" del inmueble, 31

L.P.R.A. sec. 1291i. Por eso el comprador de un aparta-
mento no adquiere la parte de la fachada del edificio donde
está su propiedad, sino una proporción indivisa:

> Esta regla rige tanto para el propietario de una unidad externa
> con frente a la calle, como para el dueño de un departamento
> interno. El titular en el dominio de una vivienda de la especie
> últimamente mencionada, es también dueño de una parte indi-
> visa sobre el frente común, e inversamente, al propietario de un
> departamento, piso o local externo, le corresponde una porción
> ideal sobre las demás paredes perimetrales, donde general-
> mente se abren las ventanas, y proyectan los balcones de las
> unidades que no dan a la calle, sino a espacios de aire y luz
> comunes. H. Racciatti, *Propiedad por pisos o por apartamentos*,
> 3ra ed. rev., Buenos Aires, Ed. Depalma, 1975, pág. 107.

A esta misma conclusión llega Poirier en su obra sobre
la propiedad horizontal, en la cual concluye que "[l]as fa-
chadas son bienes comunes que se asimilan a las 'paredes
maestras', con la diferencia de que están más decoradas
que las paredes laterales". P. Poirier, *La Propiedad Hori-
zontal*, 2da ed., Buenos Aires, Ed. Arayú, 1955, pág. 51.

▮ Como un titular adquiere una parte indivisa de la
fachada, el estatuto le impone la obligación de contribuir
proporcionalmente a los gastos incurridos por el edificio
para conservarla y repararla, así como el derecho a autori-
zar las alteraciones que se hagan en ésta. Por otro lado,
como un titular no adquiere una parte determinada de la
fachada, tampoco puede utilizarla ilimitadamente o por su
cuenta introducirle cambios de trascendencia.

▮ Estas modificaciones están vedadas por nuestro
ordenamiento porque alteran "la estética fundamental de
un edificio". M. Batle Vázquez, *La propiedad de casas por
pisos*, 3ra ed. rev., España, Ed. Marfil, 1956, pág. 109. Bajo
esta normativa, el criterio rector es el efecto de las altera-
ciones sobre el conjunto estético y arquitectónico del

edificio.([1]) Cualquier cambio que tenga el efecto de alterar este conjunto no puede ser efectuado por un titular individualmente:

En consecuencia y como principio general, ninguno de los propietarios, por su sola voluntad, puede colocar en la fachada marquesinas, molduras, cornisas, insignias, anuncios luminosos o carteles, ni cambiar el colorido de los recuadros exteriores, o realizar cualquier otra construcción a base de hierros, concreto o cualquier otra materia resistente, como balcones, miradores, etc., que puedan perjudicar el aspecto estético del edificio. O sea que cuando se trate de alteraciones de trascendencia a la estética del edificio, a sus condiciones de seguridad en ciertos supuestos, y al uso de basuras, facilidad de escalamiento, molestias producidas por las luces y el calor, etc., las obras sólo pueden autorizarse por resolución de todos los propietarios ... ya que la ley ... tiene por objeto evitar el ejercicio abusivo del derecho de propiedad que ella sistematiza. (Escolio omitido.) Racciatti, *op. cit.*, pág. 388. Véase, también, Godreau, *op. cit.*, pág. 152.

■ De la obra citada previamente se desprende que uno de los elementos de una fachada que no pueden ser cambiados de forma unilateral por un titular es el balcón del apartamento. Éste constituye una parte importante del diseño arquitectónico y la estética de un edificio. Por ende, su titular no puede, por su cuenta, transformarlo en un mirador o cerrarlo para convertirlo en otra habitación de su apartamento.

■ Cuando un titular viola esta restricción y por su cuenta introduce cambios de trascendencia a la estética o al diseño arquitectónico de un edificio, la junta de directores tiene la obligación de hacer "las oportunas advertencias y apercibimientos a los titulares" y tomar las medidas co-

---

([1]) John Ruskin define la arquitectura como "el arte de erigir y de decorar los edificios construidos por el hombre, cualquiera que sea su destino, en forma tal que su aspecto incida sobre la salud, sobre la fuerza y sobre el placer del espíritu". J. Ruskin, *Las siete lámparas de la arquitectura*, 2da ed., Buenos Aires, Ed. Mercatali, 1956, pág. 23.

rrespondientes para hacer cumplir las restriccciones del régimen de propiedad horizontal. 31 L.P.R.A. sec. 1293b-4(a). Además, está autorizada a proceder con una querella en el Departamento de Asuntos del Consumidor o incoar una acción en los tribunales para condenar al titular que hubiese violado el Art. 15(d) a restituir las cosas al estado anterior a los cambios que realizó unilateralmente. *Junta Dir. Cond. Montebello v. Fernández*, supra.

### III

En el caso de autos, la Junta presentó una demanda contra Walter Torres para que el tribunal le ordenara restituir la fachada de su apartamento a su estado original. La Junta acudió al foro judicial para que se pusiera en vigor una orden del Departamento de Asuntos del Consumidor que determinó que se había alterado la fachada del edificio cuando Torres y otros titulares cerraron sus balcones, ampliaron las áreas cerradas de sus apartamentos e instalaron ventanas y puertas distintas a las que originalmente tenía el condominio. En el caso particular de Torres, se alegó que en su apartamento se habían instalado unas ventanas de cristal en el balcón.

Aunque el foro de instancia determinó que se había cerrado el balcón, concluyó que no se estableció que esta obra alteraba la fachada del edificio porque los cristales se instalaron en la parte interna del apartamento y unos árboles cubrían parte de la fachada afectada.

De la normativa anterior se desprende con claridad que esta determinación está equivocada. Un examen de la prueba documental que tuvo ante su consideración el foro de instancia revela que aunque los cristales se instalaron en el balcón, la obra tuvo el efecto de cambiar el conjunto arquitectónico y estético del condominio. Torres transformó el balcón en un mirador, amplió el área cerrada del apartamento y cambió el exterior del edificio.

Tampoco es correcta la conclusión del tribunal a quo de que no se violó el Art. 15(d), porque unos árboles cubrían esa parte de la fachada. Las fotografías del inmueble que forman parte de los autos originales revelan con claridad que al instalar un ventanal de cristal se eliminó el balcón de esa parte de la fachada y se amplió el área cerrada del apartamento. Como resultado de esta obra, un titular cambió su parte proporcional de la fachada del edificio, desfigurando la estética y el diseño arquitectónico que originalmente tenía el Condominio Montebello.

Si la Junta no hace cumplir las restricciones del régimen ni evita que cada titular instale toldos, ventanas, rejas, cortinas exteriores, o cualquier otro aditamento exterior que sea incompatible con el diseño original, o que cambie los colores o tonalidades de la paredes exteriores de su apartamento, el edificio perderá la uniformidad arquitectónica y estética que originalmente inspiró a cada uno de los dueños a adquirir una propiedad en ese condominio. Permitir que reine semejante anarquía en éste o cualquier otro condominio es contrario al espíritu y propósito de nuestra Ley de la Propiedad Horizontal.

Por ende, *procede revocar la sentencia recurrida y devolver el caso al foro de instancia para que de inmediato ponga en vigor la decisión del Departamento de Asuntos del Consumidor.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López concurrió sin opinión escrita.