Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII-DJ 2024-062C

| | | |
|---|---|---|
| JOHNATHAN LOUIS CLASS TORRES<br><br>Recurrente<br><br>v.<br><br>JUNTA DE DIRECTORES DEL CONDOMINIO PARK EAST PEDRO MONTALVO, ADMINISTRADOR<br><br>Recurrido | TA2025RA00093 | Revisión de Decisión Administrativa procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.:<br>C-SAN-2024-0020026<br><br>Sobre:<br>Ley de Condominios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de septiembre de 2025.

Comparece ante nosotros el señor Johnathan Louis Class Torres (recurrente o señor Class) mediante recurso de *Revisión Administrativa* presentado el 7 de julio de 2025, en el cual recurre de la *Resolución*[1] emitida el 13 de mayo de 2025, por el Departamento de Asuntos al Consumidor (DACo o Agencia Recurrida). En dicha *Resolución,* el DACo desestimó la querella instada por el recurrente y ordenó su cierre y archivo.

Por los fundamentos que expondremos a continuación, **confirmamos** la Resolución recurrida.

**I.**

Surge del recurso que, el 24 de octubre de 2024, el recurrente instó la querella C-SAN-2024-20026[2] contra la Junta de Directores del Condominio Park East y solicitó bajo la Regla 29 de Procedimientos Expeditos que se le proporcionen ciertos

---

[1] Apéndice 2 del Recurrente en SUMAC.
[2] Apéndice 3 del Recurrente en SUMAC.

documentos, a saber: estados de cuenta, estados financieros, presupuestos, contrato de suplidores, actas, minutas, planes de emergencia, racionamiento, reglamento del condominio, escritura matriz, convocatorias, notificaciones de acuerdos determinaciones y otros. Posteriormente fue enmendada[3].

El 19 de marzo de 2025, el DACo, emitió una *Minuta y Orden*[4], en la misma, se ordenó a las partes sostener una reunión el 29 de marzo de 2025, con el fin de conciliar la cuenta del apartamento de la parte querellante. Se ordenó que cada parte presentara la prueba de pago y la facturación; además, de existir alguna deuda, el recurrente tenía que efectuar el pago. Por último, se advirtió al recurrente que, de incumplir con lo ordenado, el DACo procedería al cierre y archivo sin perjuicio de la querella, sin más citarle ni oírle.

El 3 de abril de 2025, el recurrente presentó un escrito titulado *Moción de Informe de Reunión Celebrada el 29 de marzo de 2025*[5]. Oportunamente, el 4 de abril de 2025, la Junta presentó moción intitulada *Urgente Informativa*, junto con una certificación con fecha del 3 de abril de 2025, emitida por el Administrador Pedro Montalvo, (Administrador o señor Montalvo), donde se indica que la parte recurrente tiene un balance pendiente de pago por concepto de cuotas de mantenimiento ascendente a quinientos noventa y tres dólares con ochenta y cinco centavos ($593.85), y se anejó un estado de cuenta que comprendía el periodo del 31 diciembre de 2023 hasta el 1 de abril 2025, así también, como complemento, el 10 de abril de 2025 la JUNTA presentó copia de la *Escritura Número Seis (6)* sobre *Acta Notarial de Presencia y Comprobación*[6] otorgada por la notaria Naddette Colón Morales. El acta recoge lo acontecido en la reunión del 29 de marzo de 2025.

---

[3] Apéndice 4 del Recurrente en SUMAC.
[4] Apéndice 5 del Recurrente en SUMAC.
[5] Apéndice 6 del Recurrente en SUMAC.
[6] Apéndice 7 del Recurrente en SUMAC.

El 13 de mayo de 2025, el DACo emitió la *Resolución* recurrida y realizó las siguientes determinaciones de hechos:

1. La parte querellante es titular del apartamento 9 del Condominio Park East localizado en Bayamón, Puerto Rico. No consta en el expediente administrativo, copia de la escritura mediante la cual advino titular.

2. El condominio Park East está sometido al régimen de propiedad horizontal y consta de apartamentos residenciales.

3. El apartamento de la parte querellante tiene asignada una cuota mensual de mantenimiento de $143.85.

4. El 24 de octubre de 2024, Johnathan Class Torres presentó la querella de epígrafe contra la Junta de Directores del Condominio Park East. En la misma, solicita en síntesis que conforme la Regla 29 de procedimientos expeditos, se le proporcionen ciertos documentos relacionados con la administración del condominio tales como: estados de cuenta, estados financieros, presupuestos, contratos de suplidores, actas, minutas, planes de emergencia, racionamiento, reglamento del condominio, escritura matriz, convocatorias, notificaciones de acuerdos determinaciones y otros. Igualmente solicita que se celebre la asamblea ordinaria anual según establece la ley.

5. La parte querellante Johnathan Class Torres no ha presentado junto a su querella una certificación negativa de deuda sobre sus obligaciones para con el Consejo de Titulares. Igualmente, no ha presentado la correspondiente evidencia de encontrarse al día en los referidos pagos.

6. El pasado 19 de marzo de 2025 este departamento emitió una Minuta y Orden. En la misma, se ordenó a las partes sostener una reunión el 29 de marzo de 2025 con el propósito de conciliar la cuenta del apartamento de la parte querellante. En dicha reunión, la parte querellante debería presentar los recibos de los pagos realizados para ser conciliados con las cantidades facturadas por el condominio. Igualmente, se indicó que de la parte querellante tener alguna deuda luego de realizar dicha conciliación, debería pagar la misma y presentar al Departamento la correspondiente certificación negativa de deuda. Se apercibió a la parte querellante que de incumplir con lo ordenado, este Departamento procedería al cierre y archivo sin perjuicio de la querella, sin más citarle ni oírle.

7. El 3 de abril de 2025, la parte querellante presentó un escrito intitulado Moción de informe de reunión celebrada el 29 de marzo de 2025. En dicho escrito, la parte querellante da su versión de lo ocurrido durante la reunión realizada. De otra parte, el 4 de abril de 2025, la parte querellada presentó un escrito intitulado Urgente informativa, junto con una certificación con fecha de 3 de abril de 2025, emitida por el administrador Pedro Montalvo, donde se indica que la parte querellante tiene un balance pendiente de pago por concepto de cuotas de mantenimiento de $593.85, hasta el 30 de abril de 2025. Igualmente se aneja un estado de cuenta desde el 31 de diciembre de 2023 hasta el 1 de abril de 2025.

8. El 10 de abril de 2025, la parte querellada presentó otro escrito intitulado Moción Adjuntando Acta Notarial. Junto con dicho escrito se presentó copia de la escritura número 6, sobre Acta notarial de presencia y comprobación, otorgada el

31 de marzo de 2025, por la notaría Naddette Colón Morales. Dicha Acta recoge lo acontecido durante la reunión celebra el 29 de marzo de 2025 entre las partes, que fue ordenada por este Departamento. Igualmente, es el escrito se indica que la parte querellante mantiene una deuda por concepto de mantenimiento y se solicita el cierre y archivo de la querella conforme fue apercibido.

9. Conforme tanto por el Acta notarial presentada, como por el escrito presentado por la parte querellante, se desprende que la parte querellante había realizado un pago mediante cheque de $150.00 en julio de 2023 y otro en el mes de enero de 2024 por la cantidad de $300.00. Al intentar ser depositados por la parte querellada, dichos cheques fueron devueltos por el banco por fondos insuficientes. No obstante, según un estado de cuenta que se le notificó a la parte querellante en fecha posterior, dicha devolución de pago no se reflejó, toda vez que la parte querellada se disponía a depositar los cheques devueltos posteriormente.

10. En vista que dichos cheques devueltos no fueron depositados por la parte querellada, posteriormente se debitaron en la cuenta de la parte querellante los pagos de ambos cheques que suman $450.00, y que no han sido pagados por la parte querellante. Debido a esto, al momento subsiste una deuda de la parte querellante por concepto de cuotas de mantenimiento atrasadas por la cantidad de $450.00.

11. El pasado 3 de abril de 2025, Pedro Montalvo, administrador del Condominio Park East emitió una certificación de deuda donde se indica que a dicha fecha la parte querellante tiene una deuda por concepto de cuotas de mantenimiento que totaliza $593.85. Dicha cantidad es la deuda por el mes de abril de 2025, más la cantidad de $450.00 de los dos cheques que fueron devueltos por falta de fondos.

12. La parte querellante no ha pagado la deuda de $450.00 que subsiste, ni tampoco presentó evidencia de que los dos cheques que fueron pagados y devueltos por falta de fondos hayan sido cobrados posteriormente por la parte querellada. Por lo tanto, la parte querellante no cumplió con lo ordenado, habiendo transcurrido en exceso el término concedido.

El Recurrente solicitó la reconsideración[7] a la determinación y el DACo no se pronunció respecto a la solicitud de reconsideración.

Inconforme aun, el recurrente acudió ante nos y presentó una *Revisión de Decisión Administrativa*. Según esta, el DACo incurrió en los siguientes errores:

### PRIMER ERROR:

ERRÓ EL DACO AL ORDENAR QUE LA CONTROVERSIA SOBRE UNA DEUDA DEBIDAMENTE IMPUGNADA FUERA RESUELTA MEDIANTE REUNIÓN PRIVADA ENTRE LAS PARTES, DELEGANDO INDEBIDAMENTE SU FUNCIÓN ADJUDICATIVA Y CONDICIONANDO EL CURSO DEL PROCEDIMIENTO A UNA

---

[7] Apéndice 9 del Recurrente en SUMAC.

GESTIÓN FUERA DEL PROCEDIMIENTO ADMINISTRATIVO ESTABLECIDO POR LEY

***SEGUNDO ERROR:***

ERRÓ EL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR AL DETERMINAR, SIN APOYO EN EVIDENCIA SUSTANCIAL QUE OBRE EN EL EXPEDIENTE ADMINISTRATIVO, QUE LA CONTROVERSIA SOBRE LA ALEGADA DEUDA QUEDÓ RESUELTA EN LA REUNIÓN CELEBRADA ENTRE LAS PARTES, SIENDO ESTA DETERMINACIÓN ARBITRARIA E IRRAZONABLE.

***TERCER ERROR:***

ERRÓ EL DACO AL EMITIR LA DETERMINACIÓN FINAL, PUES SE EMITIÓ EN VIOLACIÓN A LAS GARANTÍAS BÁSICAS DEL DEBIDO PROCESO DE LEY Y NO ESTÁ APOYADA EN LA TOTALIDAD DEL EXPEDIENTE ADMINISTRATIVO, SIENDO ASÍ ARBITRARIA.

El 18 de agosto de 2025, el Administrador presentó *Alegato en Oposición,* así como, la JUNTA presentó *Alegato en Oposición del Condominio.* El 22 de agosto de 2025, emitimos una *Resolución* en la cual declaramos perfeccionado el recurso.

Con el beneficio de la comparecencia de las partes, procedemos a exponer el derecho aplicable a la controversia ante nos.

## II.

### -A-

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, *supra*, establece la autoridad del Tribunal de Apelaciones para revisar "decisiones, órdenes y resoluciones finales de organismos o agencias administrativas"[8]. Por su parte, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico ("LPAU"), establece el marco de revisión judicial de estas decisiones[9]. Cónsono con lo anterior, nuestra función revisora se delimita a delinear la discreción de las entidades administrativas para garantizar que sus decisiones se encuentren en el marco de los poderes delegados y

---

[8] Art. 4006(c), 4 LPRA sec. 24(y)(c).
[9] Sección 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675.

sean consecuentes con la política pública que las origina[10].

Debido a la vasta experiencia y conocimiento especializado que tienen las agencias administrativas sobre los asuntos que le son encomendados, los foros revisores les conceden gran consideración y deferencia a sus decisiones[11]. Es por esta razón, que la revisión judicial se limita a determinar si la agencia actuó de manera arbitraria o ilegal, o de forma tan irrazonable que sea considerado un abuso de discreción[12]. Hay que señalar que las determinaciones de los organismos administrativos están cobijadas por una presunción de corrección y legalidad que debe respetarse, mientras la parte que las impugne no demuestre con suficiente evidencia que la decisión no está justificada[13].

Así pues, la revisión judicial de una decisión administrativa se circunscribe a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si ésta actuó de forma arbitraria, caprichosa o ilegal[14]. El criterio rector es la razonabilidad de la actuación de la agencia recurrida[15]. Por ello, al momento de evaluar una determinación administrativa se debe considerar si: (1) el remedio concedido por la agencia fue apropiado; (2) la decisión de la agencia está sostenida en evidencia sustancial que obra en el expediente administrativo visto en su totalidad; y (3) las conclusiones de derecho fueron correctas[16].

Ahora bien, si la decisión del organismo administrativo no estuvo basada en evidencia sustancial; erró en la aplicación o

---

[10] *Katiria's Café, Inc. V. Municipio Autónomo de San Juan*, 2025 TSPR 33, *Cruz Rivera v. Mun. de Guaynabo*, 205 DPR 606 (2020); *Torres Rivera v. Policía de PR*, 196 DPR 606, 625-626 (2016); *Mun. de San Juan v. J.C.A.*, 149 DPR 263, 279 (1999).
[11] *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006); *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800 (2012).
[12] *López Borges v. Adm. Corrección*, 185 DPR 603 (2012); *Federation des Ind. v. Ebel*, 172 DPR 615, 648 (2007).
[13] *López Borges v. Adm. Corrección, supra.*
[14] *Vélez v. A.R.P.E.*, 167 DPR 684 (2006).
[15] *Hernández, Álvarez v. Centro Unido*, 168 DPR 592 (2006).
[16] *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012). *Rolón Martínez v. Superintendente*, 201 DPR 26, 35-36 (2018).

interpretación de las leyes o los reglamentos que se le encomendó administrar; o actuó de manera irrazonable, arbitraria o ilegal, al realizar determinaciones carentes de una base racional; o si la actuación lesionó derechos constitucionales fundamentales, la deferencia debida a la agencia debe ceder[17].

Así pues, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar con suficiente evidencia, que la determinación no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración[18]. De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad[19].

Sobre las determinaciones de derecho, el Tribunal Supremo ha dicho que distinto a las determinaciones de hecho, el tribunal las puede revisar en todos sus aspectos, sin sujeción a norma o criterio alguno. Sin embargo, esto no quiere decir que un foro apelativo pueda descartar las conclusiones y sustituir el criterio del ente administrativo por el suyo. En estos casos, también los tribunales apelativos les deben deferencia a los organismos administrativos[20].

**-B-**

La Ley Núm. 129-2020, mejor conocida como la *Ley de Condominios de Puerto Rico*, se aprobó con el fin de actualizar las normas que rigen la convivencia en los condominios y atemperar la norma estatutaria a cambios sociológicos experimentados en el

---

[17] *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).
[18] *Íd.*; *Pereira Suárez v. Jta. Dir Cond.*, 182 DPR 485, 511 (2011); *Com. Seg. v. Real Legacy Assurance*, 179 DPR 692, 717 (2010); *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).
[19] *O.E.G. v. Rodríguez*, 159 DPR 98, 118 (2003).
[20] *Rebollo v. Yiyi Motors, supra.*

país[21]. Dado que, subyace la necesidad imperiosa de crear "unas reglas mínimas para el uso y disfrute de cada apartamento" que "facilit[en] la convivencia entre los titulares de un inmueble, sin que se intervenga indebidamente con los derechos individuales de los demás"[22].

El Artículo 65 de dicha Ley, intitulado *Impugnaciones de Acciones u Omisiones de la Junta de Directores, Administrador Interino y Acuerdos y Determinaciones del Consejo,* dispone que: las acciones u omisiones, así como, los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos: a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio; b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular; y c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra[23]. Los titulares que sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial tendrán que presentar cualquier querella de impugnación o reclamación ante el Departamento de Asuntos del Consumidor, DACo, el cual tendrá jurisdicción primaria y exclusiva[24].

Cónsono con lo anterior, el Artículo 66 de la Ley Núm. 129-2020 precisa que DACo poseerá una División Especial de Adjudicación de Querellas de Condominios. El secretario tendrá la capacidad de nombrar el personal necesario para la pronta atención de las querellas presentadas por los titulares de apartamentos al amparo de esta Ley contra el Consejo de Titulares, el Agente Administrador, o por la Junta de Directores al amparo de aquellas

---

[21] Ley 129-2020, *Ley de Condominios de Puerto Rico,* 31 LPRA sec. 1291 *et seq.* Véase la *Exposición de motivos de la Ley* 129-2020.
[22] *Junta Dir. Cond. Montebello v. Torres,* 138 DPR 150, 154 (1995).
[23] Art. 65 de la *Ley de Condominios de Puerto Rico,* 31 LPRA sec. 1923j *et seq.*
[24] *Íd.*

leyes especiales aplicables[25]. Asimismo, el secretario tendrá la facultad para adoptar y/o modificar los reglamentos necesarios para la adjudicación de las querellas presentadas ante el DACo y para el fiel cumplimiento de esta Ley.

Por otro lado, el Art. 59 de la *Ley de Condominios de Puerto Rico*[26] implanta que la deuda de un titular por concepto de cuotas de mantenimiento para gastos comunes se podrá reclamar judicialmente luego de ser requerido [el] pago mediante correo certificado con acuse de recibo y de este no cumplir el pago en el plazo de vencimiento.

Así pues, acorde con los poderes conferidos por la Ley 129-2020, DACo, promulgó el *Reglamento de Condominios*[27], el cual especifica en su Regla 25, que:

I.     Las querellas que se presenten ante este Departamento deberán cumplir con los criterios del Reglamento de Procedimientos Adjudicativos vigente.

II.    El titular o grupo de titulares que interese impugnar cualquier determinación, acción u omisión por parte de la Junta de Directores, Administrador Interino, Agente Administrador, Sindico o un acuerdo del Consejo de Titulares como parte de su querella deberá incluir la siguiente información:
[...] 6. Certificación de que no tiene ningún tipo de deuda con el Consejo de Titulares. Será excepción al requisito de no deuda, cuando la impugnación sea para cuestionar la alegada deuda. [...]

Por último, la Regla 27 del Reglamento de Condominios[28] faculta al Secretario del DACo a disponer sumariamente el archivo de la querella presentada cuando existe un incumplimiento por parte del titular de cualquiera de los requisitos establecidos en la Ley o el Reglamento.

---

[25] Art. 66 de la *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1923j.
[26] Art. 59 de la *Ley de Condominios de Puerto Rico*, Ley Núm. 129-2020 (31 LPRA sec. 1923j).
[27] Reglamento Núm. 9380, *Reglamento de Condominios*, aprobado el 11 de mayo de 2022.
[28] *Íd.*

### III.

Atenderemos los tres errores en forma conjunta por estar relacionados entre sí. Como primer error, el señor Class aduce que erró el DACo al ordenar que se determinara una deuda impugnada mediante una reunión privada y delegar así su función adjudicativa; su segundo error es que el DACo incide al determinar, sin apoyo en evidencia sustancial que obre en el expediente administrativo, que la controversia sobre la alegada deuda quedó resuelta en la reunión celebrada entre las partes. y, como tercer error, que la determinación final se emite en violación a las garantías básicas del debido proceso de ley, no apoyada en la totalidad del expediente administrativo, convirtiéndose en una arbitraria.

Tras revisar el expediente, surge que el Recurrente solicita como remedio que se le proporcione documentos relacionados con la administración del condominio y se celebre la Asamblea Ordinaria anual según lo establece la Ley. Ante dicho petitorio, nos queda claro que el objetivo inicial de la querella no era impugnar la deuda, sino la obtención de documentos y la celebración de una asamblea. Sin embargo, cuando el señor Class enmienda la querella, cuestiona la deuda notificada por el administrador del Condominio Park East.

Trabada la controversia sobre la deuda, el DACo considera necesario atender la querella enmendada sobre la existencia de la deuda. Ante ello, emite Minuta y Orden. En la misma, ordena a las partes a sostener una reunión el 29 de marzo de 2025, con el propósito de conciliar la cuenta del señor Class. Como resultado de la reunión, cada parte somete ante la consideración del DACo mociones informativas. No obstante, cabe resaltar que la JUNTA somete *Moción Adjuntando Acta Notarial.* Junto con dicho escrito, se presentó copia de la escritura número 6, sobre Acta notarial de presencia y comprobación, otorgada el 31 de marzo de 2025, por la notaria Naddette Colón Morales. Conforme al Acta notarial, se

desprende que el señor Class tiene una deuda de cuatrocientos cincuenta dólares ($450.00) por concepto de cuotas de mantenimiento. Surge del expediente que, el señor Class no ha pagado la deuda ni presenta prueba de refutación sobre la cuantía establecida por la administración.

Al examinar la totalidad del expediente colegimos el método utilizado por el DACo y las oportunidades concedidas al señor Class para presentar prueba demuestra indudablemente que el DACo satisface los criterios del ordenamiento jurídico y no se aparta del marco regulatorio establecido por la Ley y el Reglamento. Destacamos que, el *Reglamento de Condominios*[29], el titular o grupo de titulares que interese impugnar cualquier determinación de la JUNTA deberá incluir Certificación de que no tiene ningún tipo de deuda con el Consejo de Titulares.

Así pues, el señor Class no apoyó su petitorio con prueba que propenda a establecer que el DACo actuó irrazonablemente. Sus cuestionamientos se alejan de la prueba documental sometida que obra en el expediente. Por lo cual, determinamos que el DACo no cometió ninguno de los errores señalados por el señor Class.

Reiteramos la norma que, las decisiones emitidas por los organismos administrativos merecen nuestra deferencia. Como foro revisor, no debemos intervenir con las decisiones de las agencias administrativas a menos que se señale evidencia contenida en el expediente administrativo que derrote la presunción. En este caso, la parte recurrente no señaló ni presentó evidencia alguna que demostrara que el DACo incidió en su determinación. En consecuencia, procede que le concedamos la deferencia debida a la decisión administrativa recurrida.

---

[29] Reglamento Núm. 9380, *Reglamento de Condominios*, aprobado el 11 de mayo de 2022.

**IV.**

Por los fundamentos expuestos, ***confirmamos*** la determinación emitida por el DACo.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones