Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| MARÍA CRISTINA DÍAZ AGOSTO Y OTROS<br><br>Apelantes<br><br>v.<br><br>FRANKLIN CREDIT MANAGEMENT CORP. Y OTROS<br><br>Apelados | TA2025AP00448 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm. FA2025CV00357<br><br>Sobre: Daños |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece ante nos la parte apelante, María Cristina Díaz Agosto, Néstor Luis López Torres y José Armando Valle Díaz (en adelante y en conjunto, parte apelante), y nos solicita la revisión de la *Sentencia* emitida el 22 de agosto de 2025 y notificada el 25 de agosto de 2025, por el Tribunal de Primera Instancia, Sala de Fajardo. Mediante esta, el Foro Primario desestimó la causa de acción instada por parte apelante por falta de jurisdicción sobre la materia y por falta de parte indispensable. Ello, dentro de un pleito sobre daños y perjuicios en incoado por la parte apelante en contra de la parte apelada, Ivonne V. Montañez Martín, Franklin Credit Managment Corporation, Bosco Puerto Rico LLC, Imara García y E.F. & Associates Real Estate P.S.C.

Por los fundamentos que expondremos a continuación, se *revoca* la *Sentencia* apelada.

**I**

El 9 de abril de 2025, la parte apelante presentó la *Demanda* de epígrafe.[1] En el pliego, alegó que el 24 de abril de 2024 adquirió, mediante compraventa, un apartamento localizado en el Condominio La Costa Apartments, en el municipio de Fajardo. Expuso que, al día siguiente de la adquisición, mientras se encontraba en el inmueble, se comenzó a percibir un fuerte y persistente mal olor proveniente de los baños, situación que motivó el reemplazo de los inodoros, sin que ello resolviera el problema. Asimismo, sostuvo que el 5 de mayo de 2024, luego de un evento de lluvias, advirtió que por las escaleras del complejo descendían excrementos de palomas y plumas, provenientes del apartamento localizado inmediatamente sobre el suyo. Indicó que, al intentar identificar el origen de la situación, accedieron al apartamento C-8. Allí encontraron múltiples aves muertas, huevos de palomas, excreta, plumas, sanguijuelas, escombros y agua estancada en estado de putrefacción, lo que describió como un escenario insalubre y alarmante. Ante ello y con el fin de mitigar la situación, la parte apelante se dio a la tarea de remover los animales muertos, escombros y destapar el desagüe. Alegó que dicho apartamento pertenecía al codemandado Franklin Credit Managment Corporation y que se encontraba en estado de abandono, inundado y en condiciones ruinosas.

De acuerdo con sus alegaciones, el 8 de mayo de 2024, personal de Franklin Credit Management Corporation y de Bosco Puerto Rico LLC acudieron a realizar labores de limpieza en el apartamento en cuestión, lo que, según alegó, agravó las filtraciones de agua por las paredes del apartamento. Finalmente, la parte apelante expuso que el 11 de noviembre de 2024, el señor Valle Díaz, quien pernoctaba ocasionalmente en el apartamento, lo encontró

---

[1] Apéndice del recurso, Entrada Núm. 1. Pliego que fue enmendado el 14 de julio de 2025.

completamente inundado, lo que, según adujo, ocasionó daños a múltiples bienes muebles, entre estos, camas, muebles de baño, enseres, equipo electrónico y ropa de cama, además de la proliferación de hongos, esporas, goteras generalizadas y un persistente olor a humedad.

La parte apelante esbozó que los gastos incurridos para la reparación y sustitución de los bienes muebles afectados ascendieron a la suma de ocho mil cuatrocientos dólares ($8,400.00). Asimismo, afirmó que incurrió en gastos por concepto de pasajes de avión para poder atender la situación, los cuales ascendieron a mil setecientos dólares ($1,700.00). También, alegó que sufrió daños emocionales, los cuales cuantificó en cien mil dólares ($100,000.00) por cada demandante. Según expuso, los daños fueron ocasionados por la conducta dolosa de la señora Ivonne V. Montañez Martín, de la responsabilidad objetiva o absoluta de Franklin Credit Management Corporation y Bosco Puerto Rico LLC, quienes alegaron eran dueños del apartamento C-8, y de la alegada negligencia de la corredora, Imara García, y de E.F. & Associates Real Estate P.S.C. Por ello, solicitó al Tribunal de Primera Instancia la concesión de una indemnización de las cantidades antes descritas.

El 30 de mayo de 2025, Franklin Credit Management Corporation compareció ante el Tribunal de Primera Instancia mediante la presentación de una *Moción de Desestimación*.[2] En dicho escrito, sostuvo que las alegaciones formuladas en la *Demanda* partían de premisas incorrectas. En específico, alegó que no era el titular ni el dueño del apartamento objeto de controversia, por lo que no podía imputársele responsabilidad alguna por los daños alegadamente sufridos por la parte apelante. Por

---

[2] *Íd.*, Entrada Núm. 16.

consiguiente, solicitó la desestimación de la *Demanda* presentada en su contra.

En respuesta, el 9 de junio de 2025, la parte apelante presentó su *Oposición a Moción de Desestimación*.[3] En síntesis, sostuvo que, ante los reclamos relacionados con el estado del apartamento C-8 del Condominio La Costa Apartments y las alegadas condiciones que afectaban su inmueble, se llevaron a cabo comunicaciones entre la señora Alexandra Rivera, quien trabajaba en la oficina de administración del Condominio La Costa Apartments, y la señora Gabriela Sánchez Rivera, en representación de Franklin Credit Management Corporation, de las cuales se desprendía que esta última figuraba como dueña del apartamento en controversia o, en la alternativa, como la entidad que ejercía su posesión, control, autoridad y operación. A base de ello, alegó que Franklin Credit Management Corporation debía responder solidariamente por los daños reclamados.

Luego de varias incidencias, el 11 de julio de 2025, la señora Montañez Martín presentó una *Moción de Desestimación*.[4] En su escrito, planteó que, al amparo de la Ley de Condominios de Puerto Rico, Ley Núm. 129 de 16 de agosto de 2020, 31 LPRA sec. 1921 *et seq.*, la acción de autos se presentó en un foro sin autoridad. Al abundar, indicó que el organismo con jurisdicción primaria y exclusiva para atender este tipo de controversias lo era el Departamento de Asuntos al Consumidor (en adelante, DACo). De igual forma, planteó que, la parte apelante, al haber hecho alegaciones sobre una situación de sanidad, convirtió a la Junta de Directores del Condominio La Costa Apartments en una parte indispensable que no acumuló al pleito. Según expresó, es la Junta de Directores de un condominio quien tiene el deber de preservar el Régimen de Propiedad Horizontal. A tenor con las antedichas

---

[3] *Íd.*, Entrada Núm. 19.
[4] *Íd.*, Entrada Núm. 31.

alegaciones, la señora Montañez Martín solicitó la desestimación de la demanda incoada en su contra.

El 14 de julio de 2025 la parte apelante presentó la *Demanda Enmendada,* para incluir a Bosco Puerto Rico LLC, como solidaria de Franklin Credit Managment Corporation.[5]

El 15 de julio de 2025, la señora Montañez Martín presentó su *Contestación a Demanda Enmendada.*[6] En síntesis, negó las alegaciones hechas en su contra y presentó varias defensas afirmativas. Entre sus defensas afirmativas, reiteró los planteamientos previamente esbozados en su *Moción de Desestimación* sobre falta de jurisdicción sobre la materia y dejar de acumular parte indispensable.

El 1 de agosto de 2025 la parte apelante presentó *Moción Atendiendo Orden,* mediante la cual se opuso a la desestimación solicitada por la señora Montañez Martín.[7] En específico, respecto a la alegación sobre falta de parte indispensable, planteó que este caso versaba sobre una acción en daños y perjuicios causados por un titular a otro y por el alegado engaño de un vendedor a un comprador en una transacción, por lo que se podía conceder el remedio a favor de la parte apelante sin la necesidad de que la Junta del Condominio La Costa Apartments fuera incluida en el pleito. Respecto al argumento sobre falta de jurisdicción sobre la materia, expresó que la Regla 23 del Reglamento de Condominios, Reglamento Núm. 9386 del 6 de junio de 2022, dispone que quedarán excluidas de la jurisdicción del DACo las querellas entre titulares, por lo que correspondería al Tribunal de Primera Instancia su adjudicación. Por lo anterior, solicitó que el Foro *a quo* declarara *No Ha Lugar* la *Moción de Desestimación* presentada por la señora Montañez Martín.

---

[5] *Íd.*, Entrada Núm. 35.
[6] *Íd.*, Entrada Núm. 36.
[7] *Íd.*, Entrada Núm. 41.

Luego de varias incidencias procesales innecesarias de pormenorizar, el 25 de agosto de 2025, el Tribunal de Primera Instancia emitió la *Sentencia* apelada.[8] En su determinación, concluyó que, conforme a las disposiciones vigentes de la Ley de Condominios de Puerto Rico, Ley Núm. 129 de 16 de agosto de 2020, según enmendada, carecía de jurisdicción sobre la materia al entender que las controversias planteadas en la *Demanda* correspondían, de forma exclusiva, a la competencia del DACo.

De igual forma, el tribunal determinó que la parte demandante dejó de acumular partes indispensables. En específico, concluyó que la Junta de Directores del Condominio La Costa Apartments era una parte indispensable, toda vez que, según las propias alegaciones de la *Demanda*, dicho cuerpo rector había sido notificado de las condiciones de salubridad y de las alegadas filtraciones de agua y no tomó acción alguna para atenderlas. Asimismo, resolvió que la parte demandante no emplazó a E.F. & Associates Real Estate, P.S.C., entidad a la cual atribuyó responsabilidad por los daños reclamados, y que el término para emplazarla había prescrito, por lo que no podía ser traída posteriormente al pleito. Por consiguiente, el Tribunal de Primera Instancia declaró *Ha Lugar* la *Moción de Desestimación* incoada por la señora Montañez Martín.

Inconforme con el dictamen, el 5 de septiembre de 2025, la parte apelante presentó una *Solicitud de Reconsideración*.[9] En la petición, enfatizó que el Tribunal de Primera Instancia tenía jurisdicción para atender la controversia de autos por tratarse de una reclamación de daños y perjuicios instada por un titular de un apartamento contra otro titular y contra terceros alegadamente responsables. En atención a ello, reiteró que el Reglamento de Condominios, Reglamento Núm. 9386 del 6 de junio de 2022,

---

[8] *Íd.*, Entrada Núm. 51.
[9] *Íd.*, Entrada Núm. 54.

disponía que cuando se trata de una querella entre titulares, el foro con jurisdicción es el Tribunal de Primera Instancia. Insistió en que los daños reclamados eran de naturaleza contractual y extracontractual al surgir de actos y omisiones imputados directamente a la parte apelada, relacionados con la compraventa del inmueble y con la condición del apartamento en controversia.

A su vez, la parte apelante arguyó que la Junta de Directores del Condominio La Costa Apartments no constituía una parte indispensable en este caso, pues una parte solo es indispensable cuando no es posible adjudicar una controversia de forma correcta en su ausencia. Planteó que la determinación a tomar no tendría un efecto perjudicial para la Junta. Expresó que los titulares deben poder instar acciones entre sí y adjudicar sus respectivos daños y obligaciones, sin el requerimiento de demandar e incluir al Consejo de Titulares. A su vez, esbozó que, no toda persona o entidad vinculada a unos hechos es parte indispensable. Finalmente, respecto a la falta de emplazamiento a E.F. & Associates Real Estate P.S.C., expresó que fue debidamente emplazada el 8 de agosto de 2025.

El 15 de septiembre de 2025 la señora Montañez Martín presentó su *Oposición a Reconsideración.*[10]

Evaluados los escritos presentados por las partes, el 18 de septiembre de 2025, el Tribunal de Primera Instancia emitió una *Resolución Interlocutoria*, mediante la cual denegó la petición de reconsideración presentada por la parte apelante.[11] Según concluyó, la *Solicitud de Reconsideración* no exponía con suficiente particularidad y especificidad los hechos y el derecho que estimaba debía reconsiderarse, ni estaba fundada en cuestiones sustanciales relacionadas con las determinaciones de hechos o conclusiones de derecho emitidas por el foro de instancia.

---

[10] *Íd.*, Entrada Núm. 56.
[11] *Íd.*, Entrada Núm. 57.

Inconforme, el 16 de octubre de 2025, la parte apelante presentó el recurso de epígrafe. En el mismo, señaló la comisión de los siguientes errores:

Incurrió en error el Tribunal de Primera Instancia al determinar que la jurisdicción en este caso le corresponde al Departamento de Asuntos al Consumidor (DACO) y no al Tribunal General de Justicia cuando los daños se originan de la compra de un inmueble sin divulgar su condición y los daños causados por un titular a otro[.]

Incurrió en error el Tribunal de Primera Instancia al determinar que el Consejo de Titulares del Condominio La Costa Apartments constituye una parte indispensable en este caso, cuando el demandante no presentó reclamación alguna contra este, por ello ser absolutamente innecesario[.]

Incurrió en error de derecho el Tribunal de Primera Instancia al expresar con inescrutable parquedad, que la solicitud de reconsideración presentada por la parte aquí apelante (Entrada de SUMAC #54), no exponía con suficiente particularidad y especificidad los hechos y el derecho que estimábamos debían reconsiderarse ni estaba fundada en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales que llevaron al Tribunal a su determinación.

Incurrió en error el Tribunal de Primera Instancia al desestimar la demanda instada, privando injustificada y arbitrariamente a la parte apelante de su derecho a presentar su caso por el resarcimiento de los daños sufridos, todo ello en contravención a elementales principios de justicia y el debido procedimiento de ley.

Por su parte, el 17 de noviembre de 2025, Franklin Credit Management Corporation presentó su *Alegato en Oposición* ante nos. Asimismo, el 29 de noviembre de 2025, la señora Montañez Martín también presentó su *Alegato en Oposición.* Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de las partes, procedemos a expresarnos.

**II**

**A**

Conforme es sabido, en materia de derecho administrativo, la doctrina de *jurisdicción primaria* está predicada en una norma de prelación jurisdiccional respecto al foro adjudicativo legitimado para atender, en principio, determinada controversia. *Ortiz v. Panel*

*FEI,* 155 DPR 219, 242 (2001). Siendo así, la misma exige a los tribunales de justicia auscultar el alcance de la ley habilitadora del organismo concernido, a fin de resolver si el asunto en cuestión es uno estrictamente sujeto a su ámbito de especialización. *Consejo Titulares v. Gómez Estremera et al.,* 184 DPR 407, 430 (2012). Por tanto, la antedicha norma plantea un esquema de competencia inicial, que opera en función a lo dispuesto en el estatuto regulador de la agencia.

El estado de derecho reconoce que la doctrina de jurisdicción primaria se manifiesta en dos contextos independientes: la *jurisdicción primaria exclusiva* y la *jurisdicción primaria concurrente. Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 102 (2020); *Báez Rodríguez et al. v. E.L.A.,* 179 DPR 231, 239 (2010); *Rivera Ortiz v. Mun. de Guaynabo,* 141 DPR 257, 267 (1996). La jurisdicción primaria concurrente plantea un asunto de deferencia a la especialización de las agencias respecto a las materias que le han sido delegadas. Por tanto, los tribunales, aunque plenamente facultados para atender la reclamación de que trate, autolimitan su intervención, a fin de que los organismos administrativos empleen su conocimiento experto en aras de llegar a una disposición más precisa. Así pues, aunque ambos foros poseen igual autoridad para atender la controversia pertinente, cuando el asunto a determinarse se fundamenta en cuestiones de hechos complejos, cuya dilucidación requiere cierto grado de pericia, los foros judiciales se abstendrán de ejercer su función adjudicadora, ello al reconocer la adecuacidad de la intervención primaria de la agencia. *Beltrán Cintrón et al. v. ELA et al.,* supra, pág. 103; *Báez Rodríguez et al. v. E.L.A.,* supra, pág. 240; *Rivera Ortiz v. Mun. De Guaynabo,* supra, pág. 268.

Por su parte, la jurisdicción primaria exclusiva hace referencia a las ocasiones en que, por virtud de ley, de manera clara e

inequívoca, la autoridad de los tribunales queda postergada hasta tanto la agencia concernida entienda primero sobre el asunto. De este modo, por mandato legislativo, los foros judiciales están impedidos de asumir jurisdicción inicial en un asunto que, si bien es por ellos adjudicable, ha sido estricta y exclusivamente delegado a la intervención original del cuerpo administrativo de que trate. Así, mediante la posterior etapa de revisión judicial, la parte interesada asegura el efectivo ejercicio de la labor de los tribunales de justicia. *Rivera Ortiz v. Mun. de Guaynabo,* págs. 273-274*; Aguilú Delgado v. P.R. Parking System,* 122 DPR 261, 266 (1988).

Ahora bien, nuestro ordenamiento ha resuelto que "la doctrina de jurisdicción primaria no es una camisa de fuerza", por lo que, en determinadas circunstancias, se ha reconocido su inaplicabilidad. *Consejo de Titulares v. Gómez Estremera et al.,* supra*,* a la pág. 430; *Ortiz v. Panel del F.E.I.,* supra*,* pág. 246*.* En este contexto, el estado de derecho dispone que la referida norma no opera en toda su extensión cuando la cuestión planteada sea una de estricto derecho. *Ortiz v. Panel del F.E.I.,* supra, pág. 246. Por tanto, la doctrina de jurisdicción primaria "no aplica cuando la naturaleza de la causa de acción presentada y el remedio solicitado destacan que no se presentan cuestiones de derecho que exijan el ejercicio de discreción y de peritaje administrativo, es decir, cuando la cuestión que se plantea sea puramente judicial". *Consejo de Titulares v. Gómez Estremera et al.,* supra, págs. 430-431; citando a *Ortiz v. Panel del F.E.I.,* supra, pág. 246.

**B**

Por otra parte, el régimen de propiedad horizontal es una institución jurídica *sui generis*, consistente en el dominio exclusivo de una unidad inmueble que "coexiste con un condominio forzoso e inseparable de elementos comunes". *Bravman, González v. Consejo Titulares,* 183 DPR 827, 844 (2011), citando a *Arce v. Caribbean*

*Home Const. Corp.,* 108 DPR 225, 236 (1978). Su principio rector es garantizar a los titulares el disfrute de la propiedad individual. De ahí que, la Ley de Condominios, Ley Núm. 129 de 16 de agosto de 2020, sec. 1921 *et seq,* según enmendada, reconoce al titular de un apartamento sometido al régimen de propiedad horizontal, el derecho al pleno disfrute de este y de las áreas comunes, ello sin menoscabo de los derechos ajenos. Así pues, el estado de derecho en esta materia propende a la sana convivencia entre condóminos, mediante la conciliación de los derechos y prerrogativas involucrados. *Junta de Dir. Cond. Montebello v. Torres,* 138 DPR 150, 154 (1995).

Ahora bien, y atinente a lo que nos ocupa, la Ley de Condominios de Puerto Rico, *supra,* le otorgó jurisdicción primaria a DACo para adjudicar ciertas controversias. Específicamente, en su Artículo 65 dispone lo siguiente:

> **Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:**
> a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
> b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
> c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
> Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador.
>
> [...].
>
> 31 LPRA sec. 1923j.

No obstante, esta autoridad "no se extiende a toda posible causa de acción dimanante de un condominio sometido al régimen

de propiedad horizontal". *Consejo Titulares v. Gómez Estremera,* 184 DPR 407, 4320 (2012) citando a *Consejo Cond. Plaza del Mar v. Jetter*, 169 DPR 643, 662 (2006). Así quedó dispuesto en la Regla 23 del Reglamento de Condominios, Reglamento Núm. 9386 del 6 de junio de 2022, que dispone:

> [...]
>
> II. El Departamento no tendrá jurisdicción para adjudicar querellas que surjan en condominios de uso exclusivamente comercial o profesional. En estos casos la jurisdicción corresponderá al Tribunal de Primera Instancia. **Igualmente quedarán excluidas de la jurisdicción del DACO, las querellas entre titulares** o cuando el Consejo de Titulares, el Director o la Junta de Directores presente una reclamación contra uno o varios titulares o residentes del condominio. La jurisdicción para ventilar estas acciones corresponderá al Tribunal de Primera Instancia.

Del mismo modo, el Tribunal Supremo explicó que cuando la acción se trata de una cuestión estrictamente de derecho que no requiere del peritaje de la agencia, la jurisdicción de DACo puede preterirse y el Tribunal de Primera Instancia tendrá la prerrogativa para adjudicar la misma. *Consejo Titulares v. Gómez Estremera,* supra, pág. 431. Por tal razón, cuando la acción vaya dirigida al resarcimiento de daños, "el foro con jurisdicción es el Tribunal de Primera Instancia". *Consejo Titulares v. Gómez Estremera,* supra, págs. 431-432.

Así, pues, el distinguido Foro resaltó que lo decidido en ese caso, se ajustaba a lo dispuesto en nuestras Reglas de Procedimiento Civil, en relación al principio de que se debe garantizar "una solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R. 1; *Consejo Titulares v. Gómez Estremera,* supra, pág. 434. De igual manera, recalcó que en nuestro derecho procesal permea el principio de evitar la multiplicidad de pleitos, así como el de "evitar la proliferación de acciones, lograr la economía procesal y evitar la indeseable probabilidad de que surjan

fallos incompatibles relacionados con un mismo incidente". *Íd.*, pág. 434; citando a *Vives Vázquez v. E.L.A,* 142 DPR 117, 125 (1996).

## C

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, provee para que una parte interesada solicite al foro competente la desestimación de un pleito incoado en su contra bajo el fundamento de que la reclamación en controversia no justifica la concesión de un remedio. El referido mecanismo, para que proceda en derecho, presupone que se den por correctos y bien alegados los hechos incluidos en la demanda, así como también exige que los mismos se expongan de forma clara y concluyente, sin que de su faz se desprenda margen alguno a dudas. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 504-505 (1994).

Las siguientes defensas pueden levantarse mediante una moción al amparo de la Regla 10.2 de Procedimiento Civil, *supra*: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.

La falta de jurisdicción sobre la materia tiene estas características: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgar al tribunal jurisdicción sobre la materia, ni puede el tribunal atribuírsela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos; (4) los tribunales tienen el deber ineludible de auscultar su propia jurisdicción; (5) los tribunales apelativos deben examinar la jurisdicción del foro del cual proviene el recurso; y (6) un planteamiento de falta de jurisdicción sobre la materia puede hacerse en cualquier etapa del

procedimiento, por cualesquiera de las partes o el tribunal motu proprio. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

No obstante, a pesar del deber ministerial de los tribunales de velar por su jurisdicción, esta función no debe conducir a las partes a una innecesaria e indeseable multiplicidad de acciones. *Consejo Titulares v. Gómez Estremera et al.,* supra, pág. 434. Por tal razón, nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 121 (1992).

El empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738, 746 (2005). En este contexto, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* 118 DPR 679, 686-687 (1987).

**D**

De otro lado, la Regla 16.1 de Procedimiento Civil establece que las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. 32 LPRA Ap. V, R. 16.1. *Parte indispensable* es aquella de la cual no se puede prescindir, y cuyo interés en la controversia de que trate es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *FCPR*

*v. ELA et al.*, 211 DPR 521, 530-531 (2023); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 463 (2019); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 389 (2020). Por eso, el interés mutuo en cuestión tiene que ser de tal orden, que impida producir un decreto sin que se vea afectado. Ese interés común tiene que ser también real e inmediato, no uno futuro ni constitutivo de meras especulaciones. *Allied Mgmt. Group v. Oriental Bank*, supra, pág. 390.

La doctrina interpretativa reconoce que, a la hora de determinar si la presencia de una parte es indispensable para adjudicar una controversia, se debe analizar "si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 677 (2012).

Sin embargo, la jurisprudencia ha precisado que la omisión de una parte indispensable, "aunque es motivo para desestimar el pleito, no constituye impedimento para que, a solicitud de la parte interesada, el tribunal pueda conceder la oportunidad de traer al pleito a la parte originalmente omitida, siempre y cuando el tribunal pueda adquirir jurisdicción sobre la misma". *Meléndez Gutiérrez v. E.L.A.*, 113 DPR 811, 816 (1983). Sobre ese particular, el tratadista Rafael Hernández Colón afirma que antes de desestimar por la falta de una parte indispensable, el tribunal debe concederle al demandante la oportunidad de añadirla al pleito si tiene jurisdicción sobre la misma. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 4ta ed., San Juan, LexisNexis de Puerto Rico, 2007, pág. 141. En caso de que se le ordene la acumulación y ésta no se lleve a cabo, entonces se debe proceder a la desestimación de la demanda. *Íd.*

## E

De otra parte, nuestro ordenamiento provee para que todo aquel que considere que su reclamo ha sido desvirtuado por un dictamen incorrecto del tribunal sentenciador pueda solicitar que el mismo sea reconsiderado, dando paso, así, a su eventual corrección. La *moción de reconsideración* constituye el mecanismo procesal que facilita al juzgador de hechos reexaminar su proceder en cuanto a una controversia sometida a su escrutinio para que, en determinado período, resuelva si es meritorio que sea enmendado o que quede sujeto a mayor evaluación. *Caro v. Cardona,* 158 DPR 592 (2003). Lo anterior resulta del poder inherente de los tribunales para revisar sus pronunciamientos y ajustarlos conforme a la ley y a la justicia, ya sea a solicitud de parte o *motu proprio,* siempre que conserven jurisdicción sobre el caso. *Pueblo v. Román Feliciano,* 181 DPR 679 (2011); *Pueblo v. Vera Monroig II,* 172 DPR 797 (2007).

En lo pertinente, respecto a la implicación procesal de la oportuna presentación de una moción sobre reconsideración, la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V, R.47, establece que:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
>
> [...]
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.

**III**

En el recurso ante nuestra consideración, la parte apelante sostiene que el Tribunal de Primera Instancia erró al concluir que carecía de jurisdicción sobre la materia para atender la reclamación presentada, al entender que la controversia correspondía de forma exclusiva al Departamento de Asuntos del Consumidor. Asimismo, plantea que el foro primario erró al determinar que la Junta de Directores del Condominio La Costa Apartments constituía una parte indispensable cuya ausencia impedía la adjudicación del pleito. De igual modo, aduce que el Tribunal de Primera Instancia incurrió en error al denegar la solicitud de reconsideración presentada, al concluir que esta no exponía con suficiente particularidad los hechos y el derecho que ameritaban ser reconsiderados. Finalmente, sostiene que el foro sentenciador erró al desestimar la demanda, privándole injustificada y arbitrariamente de la oportunidad de ventilar su reclamación de daños y perjuicios en los méritos. Habiendo examinado los referidos planteamientos a la luz de las particularidades del caso, así como el derecho aplicable a la controversia de autos, procedemos a revocar la *Sentencia* apelada.

Por estar íntimamente relacionados, discutiremos en conjunto, al igual que la parte apelante, los primeros dos señalamientos de error.

Según esbozado previamente, en materia de derecho administrativo, nuestro ordenamiento jurídico reconoce que la doctrina de jurisdicción primaria exclusiva hace referencia a aquellas ocasiones en que, por virtud de ley, de manera clara e inequívoca, la autoridad de los tribunales queda postergada hasta tanto la agencia concernida entienda primero sobre el asunto. De este modo, por mandato legislativo, los foros judiciales están impedidos de asumir jurisdicción inicial en una controversia que, si

bien es adjudicable judicialmente, ha sido estricta y exclusivamente delegada a la intervención original del organismo administrativo correspondiente. *Rivera Ortiz v. Mun. de Guaynabo,* supra, págs. 273-274*; Aguilú Delgado v. P.R. Parking System,* supra, pág. 266.

Al evaluar el Artículo 65 de la Ley de Condominios de Puerto Rico, Ley Núm. 129 de 16 de agosto de 2020, 31 LPRA sec. 1923j, advertimos que la jurisdicción primaria y exclusiva del Departamento de Asuntos del Consumidor se activa **únicamente** cuando la controversia gira en torno a la **impugnación de acciones u omisiones de la Junta de Directores, del Administrador Interino o del Agente Administrador, así como de acuerdos adoptados por el Consejo de Titulares**. Así pues, el ámbito adjudicativo exclusivo conferido a dicha agencia administrativa se limita a controversias que versen sobre el ejercicio de las facultades institucionales de los órganos rectores del condominio dentro del régimen de propiedad horizontal.

A tono con lo anterior, la Regla 23 del Reglamento de Condominios, Reglamento Núm. 9386 de 6 de junio de 2022, expresa que quedan excluidas de la jurisdicción del Departamento de Asuntos del Consumidor las querellas entre titulares, correspondiendo su adjudicación al Tribunal de Primera Instancia.

Por otro lado, según esbozado anteriormente, parte indispensable es aquella de la cual no se puede prescindir, y cuyo interés en la controversia de que trate es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *FCPR v. ELA et al.,* supra, 530-531. Ese interés tiene que ser real e inmediato, no uno futuro ni constitutivo de meras especulaciones. *Allied Mgmt. Group v. Oriental Bank,* supra, pág. 390.

En el caso ante nuestra consideración, de las alegaciones de la demanda surge que la parte apelante promovió una reclamación

de daños y perjuicios contra otro titular y entidades a quienes imputó responsabilidad por la condición del apartamento C-8, localizado inmediatamente sobre su inmueble. **Del pliego no se desprende reclamación alguna dirigida a impugnar acciones u omisiones de la Junta de Directores del Condominio La Costa Apartments.** Los reclamos por dilucidarse son sobre el resarcimiento de los alegados daños de la parte apelante, los cuales versan sobre una cuestión estrictamente de derecho que no requieren de la pericia del DACo para poder adjudicarse. Por lo tanto, conforme al derecho esbozado previamente, el Tribunal de Primera Instancia debió haber asumido jurisdicción para atender el caso de título. Por otra parte, al examinar el planteamiento relacionado con la alegada falta de acumulación de una parte indispensable, advertimos que, en el estado procesal en que se encuentra este caso, no surge que la Junta de Directores del Condominio La Costa Apartments ostente un interés real e inmediato de tal magnitud que impida al tribunal adjudicar la controversia sin afectar sus derechos. A tenor con las alegaciones formuladas, y sin prejuzgar determinaciones ulteriores sobre el fondo del litigio, no se desprende que la adjudicación del pleito en esta etapa inicial requiera la comparecencia de dicho cuerpo rector para que el tribunal pueda atender la reclamación presentada. Por consiguiente, al desestimar la causa por falta de jurisdicción y por dejar de acumular una parte indispensable, el Tribunal de Primera Instancia incurrió en error. Consecuentemente, los primeros dos señalamientos de error fueron cometidos.

En su tercer señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia incidió al declarar *No Ha Lugar* su *Solicitud de Reconsideración,* bajo el fundamento de que esta no exponía con suficiente particularidad y especificidad los hechos y el derecho que estimaba debían reconsiderarse.  Según surge del

expediente ante nuestra consideración, en su *Solicitud de Reconsideración*, la parte apelante reiteró de forma expresa y concreta los fundamentos jurídicos por los cuales entendía que el Tribunal de Primera Instancia tenía jurisdicción para atender la controversia de autos, al tratarse de una reclamación de daños y perjuicios entre titulares. Asimismo, volvió a plantear que la Regla 23 del Reglamento de Condominios excluye de la jurisdicción del DACo las querellas entre titulares y que, por consiguiente, correspondía al Tribunal de Primera Instancia atender la reclamación incoada.

De igual modo, la parte apelante expuso argumentos específicos dirigidos a controvertir la determinación del foro primario en torno a la alegada falta de acumulación de una parte indispensable, señalando que, a tenor de las alegaciones formuladas en la demanda, no era necesario incluir a la Junta de Directores del Condominio La Costa Apartments para que el tribunal pudiera adjudicar la controversia planteada. Además, planteó que contrario a lo expresado por la Juzgadora en su *Sentencia*, E.F. & Associates Real Estate P.S.C. fue debidamente emplazada el 8 de agosto de 2025. Estos planteamientos estaban directamente relacionados con las conclusiones de derecho materiales que fundamentaron la *Sentencia* apelada.

A la luz de lo anterior, no podemos coincidir con la apreciación del Tribunal de Primera Instancia de que la *Solicitud de Reconsideración* carecía de particularidad o especificidad. Por el contrario, del contenido del escrito surge que la parte apelante identificó con claridad las determinaciones de derecho que impugnaba y articuló fundamentos jurídicos concretos para solicitar su revisión. En consecuencia, al denegar la reconsideración bajo el fundamento expresado, el Tribunal de Primera Instancia incurrió en error.

En su cuarto señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia erró al desestimar la demanda incoada, privándole de la oportunidad de ventilar sus reclamaciones para el resarcimiento de los daños alegadamente sufridos.

Tal como hemos determinado, el Tribunal de Primera Instancia tiene jurisdicción para atender la controversia planteada y, asimismo, no procedía, en esta etapa del procedimiento, concluir que la Junta de Directores del Condominio La Costa Apartments constituía una parte indispensable. Partiendo de esas determinaciones, la desestimación decretada tuvo el efecto de impedir que la parte apelante pudiera proseguir con la tramitación ordinaria de su causa de acción.

Según previamente esbozado, nuestro ordenamiento jurídico reconoce como norma general el derecho de las partes a un acceso efectivo a los tribunales y promueve que las controversias se ventilen en sus méritos. En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *S.L.G. Sierra v. Rodríguez,* supra, pág. 746. A tal efecto, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* supra, págs. 686-687.

A la luz de lo anterior, y habiendo determinado que el foro primario contaba con jurisdicción para entender en la controversia planteada, así como que no se configuraba un impedimento procesal insalvable que justificara la desestimación, concluimos que el Tribunal de Primera Instancia erró al disponer del pleito en esta etapa mediante dicho mecanismo.

Así, a raíz de lo expuesto, revocamos la *Sentencia* apelada, dejando sin efecto la misma.

**IV**

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada, ello a tenor con lo dispuesto por este Foro, y devolvemos el caso ante el foro primario para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones