ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| MARÍA RICHA<br><br>Recurrente<br><br>v.<br><br>JUNTA DE DIRECTORES CONDOMINIO LOS CAOBOS<br><br>Recurridos | TA2025RA00379 | *Recurso de Revisión* procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.: C-SAN-2023-0020034<br><br>Sobre: Condominio (Ley Núm. 129-2020) |
|---|---|---|

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 23 de enero de 2026.

Comparece por derecho propio la señora María Richa (en adelante, señora Richa o recurrente) mediante recurso de *Revisión Judicial* presentado el 3 de diciembre de 2025 y nos solicita que dejemos sin efecto la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo) el 30 de septiembre de 2025. Mediante el referido dictamen, el DACo declaró "No Ha Lugar" la *querella* presentada por la recurrente por carecer de jurisdicción.

Por los fundamentos que expondremos a continuación, se revoca la *Resolución* recurrida.

### I.

El 24 de octubre de 2024, la señora Richa presentó ante el DACo una *querella* en contra de la Junta de Directores y Consejo de Titulares del Condominio Mansiones Los Caobos (en adelante, recurridos). En esencia, esta tenía como propósito impugnar las votaciones tomadas en asamblea, que permitió, entre otras cosas,

el cambio de ventanas en el complejo. Además, sostuvo que la referida asamblea se celebró de forma tardía.

Ante ello, el DACo emitió las siguientes determinaciones de hechos:

1. La parte querellante presentó una querella ante este Departamento el 24 de octubre de 2024. La parte querellada es la Junta de Directores y Consejo de Titulares del Condominio Mansiones Los Caobos.

2. Alega la parte querellante, que la misma trata sobre la impugnación de la decisión del Consejo de Titulares en asamblea, sobre fachada y ventanas, que el cambio le afecta estéticamente, económicamente, la coloca en desventaja, entre otros.

3. Se presentó tanto las escrituras del negocio jurídico; así como, la certificación de deuda por parte de la querellante y un poder notarial.

4. Las partes hicieron un ejercicio y acordaron la evidencia a presentarse, escritura matriz, informe pericial, documentos de asamblea, otros.

5. Los reclamos de la parte querellante son en cuanto a que se revoque la decisión del Consejo de Titulares por no ser unánime en asamblea, que se impugne la asamblea por entender que viola disposiciones de ley en cuanto a celebración tardía de la misma.

6. La parte querellante asistió a asamblea, igual otros titulares, y recibió la minuta donde estaba la determinación fue mayoría de titulares que requiere la ley.

7. En cuanto a la parte querellada contestó querella y solicitó la desestimación de esta, basándose en que se presentó evidencia de la celebración de asamblea, de la minuta de dicha asamblea, por escrito.

8. También argumentaron que las decisiones se tomaron por mayoría o lo requerido en ley. Se insistió en el cumplimiento de la orden previa dada por este Departamento para la celebración de la asamblea, así como, la presentación fuera de término de la presente querella, entre otros.

9. Que los temas fueron debidamente discutidos en dicha asamblea, con la debida participación de titulares y en las proporciones de votaciones reglamentarias.

10. Se solicitó la desestimación de la querella, por cumplimiento de lo ordenado, por academicidad y por falta de jurisdicción de este Departamento.

A esos efectos, el 30 de septiembre de 2025, el DACo emitió una *Resolución* en la cual declaró "No Ha Lugar" la *querella* presentada por la señora Richa. Este razonó que el reclamo, según

presentado por la recurrente, trataba de una oposición a la determinación de asamblea del Consejo de Titulares en torno a unos estilos de ventana, lo cual para que proceda no se necesita mayoría absoluta o unanimidad de los titulares. Más bien, según la Ley de Condominios, *infra*, se requiere el consentimiento de dos terceras (2/3) partes de los titulares, que, a su vez, reúnan dos terceras (2/3) partes de las participaciones en las áreas comunes. De lo anterior, DACo concluyó que la señora Richa no pudo demostrar que las determinaciones de la asamblea fueron contrarias a la ley. Por último, el referido foro indicó que la *querella* fue presentada fuera del término reglamentario, por lo que, se declaró sin jurisdicción.

Inconforme con el proceder del DACo, el 3 de diciembre de 2025, la recurrente acudió ante este Tribunal mediante recurso de *Revisión Judicial* y nos señala los siguientes errores:

Error de DACo en la determinación sobre el término de radicación.

Dilación en la celebración de la reunión objeto de impugnación.

Omisión de señalamientos de incumplimiento procesal y sustantivo.

Sobre la solicitud de desestimación.

Deficiencia en la notificación y protección de derechos de la parte querellante.

Transcurrido el término que los recurridos tenían para presentar su oposición al recurso, estos no comparecieron a pesar de que fueron debidamente notificados.

## II.

### A.

Los tribunales apelativos, al momento de revisar las determinaciones administrativas, le conceden deferencia a las decisiones de las agencias en consideración a que estas poseen la

experiencia y el conocimiento especializado sobre los asuntos que se les han delegado. Katiria's Café v. Mun. de San Juan, 2025 TSPR 33, 215 DPR __ (2025); Hernández Feliciano v. Mun. Quebradillas, 211 DPR 99, 114 (2023); Rolón Martínez v. Supte. Policía, 201 DPR 26, 35 (2018); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016); Pagán Santiago et al. v. ASR, 185 DPR 341, 358 (2012). Por lo anterior, también se ha reiterado que las determinaciones administrativas están revestidas de una presunción de legalidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas. Katiria's Café v. Mun. de San Juan, *supra*; OEG v. Martínez Giraud, 210 DPR 79, 89 (2022); Capó Cruz v. Junta de Planificación et al., 204 DPR 581, 591 (2020); Torres Rivera v. Policía de PR, *supra*; Trigo Margarida v. Junta Directores, 187 DPR 384, 393-394 (2012). El criterio rector al revisar una actuación de la agencia recurrida es la razonabilidad de la acción impugnada. Katiria's Café v. Mun. de San Juan, *supra*; Torres Rivera v. Policía de PR, *supra*.

La Sección 4.5 de la Ley Núm. 38-2017, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9675, y nuestra jurisprudencia limita la revisión judicial a los siguientes tres aspectos: "(1) que el remedio concedido por la agencia fue el apropiado; (2) que la revisión de las determinaciones de hecho esté conforme al criterio de evidencia sustancial, y (3) determinar si las conclusiones de derecho fueron correctas mediante su revisión completa y absoluta". Katiria's Café v. Mun. de San Juan, *supra,* citando a Pagán Santiago et al. v. ASR, *supra*.

Cuando se trata de la credibilidad de los testigos, es norma asentada que los foros apelativos debemos otorgar gran

deferencia a las determinaciones de hechos, la apreciación de la prueba testifical y las adjudicaciones de credibilidad que hacen los juzgadores. SLG Fernández-Bernal v. RAD-MAN et al., 208 DPR 310, 338 (2021); SLG Torres Matundan v. Centro Patología, 193 DPR 920, 933 (2015). Así pues, cuando las determinaciones se basen en prueba testifical desfilada en el proceso administrativo y la credibilidad que la misma le mereció al juzgador, es imprescindible que se traiga a la consideración del foro revisor la transcripción de la vista celebrada o una exposición narrativa de la prueba. En ausencia de tal prueba difícilmente se podrá descartar la determinación impugnada. Camacho Torres v. AAFET, 168 DPR 66, 92 (2006); véase, además, las Reglas 66 y 76 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ____ (2025), 4 LPRA Ap. XXII-B.  Nuestra intervención con la prueba oral se tiene que fundamentar en un análisis independiente de la prueba desfilada y no conforme los hechos que exponen las partes.  Hernández v. San Lorenzo Const., 153 DPR 405, 425 (2001).  Meras alegaciones o teorías no constituyen prueba. Asociación Auténtica Empl. v. Municipio de Bayamón, 111 DPR 527, 531 (1981).

En cuanto a las conclusiones de derecho, los tribunales apelativos tienen la facultad de revisarlas en todos sus aspectos. Vázquez et al. v. DACo, 2025 TSPR 56, 215 DPR ____ (2025); Otero Rivera v. USAA Fed. Savs. Bank, 214 DPR 473, 485 (2024). Así pues, la deferencia a la determinación de una agencia administrativa cederá cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó de forma

arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. (Énfasis nuestro). Hernández Feliciano v. Mun. Quebradillas, *supra*; Torres Rivera v. Policía de PR, *supra*, pág. 628.

En Vázquez v. Consejo de Titulares, supra, el Tribunal Supremo de Puerto Rico concluye que los foros judiciales no han de aceptar por deferencia las conclusiones de derecho de la agencia. Al ejercitar su criterio, los tribunales podrán apoyarse, como lo han hecho desde el inicio, en las interpretaciones de las agencias. Sin embargo, tales interpretaciones "constituyen un acervo de experiencias y criterios informados a los cuales los tribunales y los litigantes bien podrán recurrir a modo de guía" y no avalar ciegamente, como se solía hacer en el pasado.

**B.**

La Ley de Condominios de Puerto Rico, Ley Núm. 129-2020, 31 LPRA sec. 1921, *et seq*. (en adelante, Ley de Condominios), se promulgó con el propósito de viabilizar la propiedad individual sobre una unidad de apartamento que forma parte de un inmueble sometido al régimen de propiedad horizontal. Con. Tit. Centro Int´l Torre II v. PRCI, 210 DPR 403, 414 (2022). Mediante esta, se determinó el derecho de cada titular al pleno disfrute de su apartamento y de las áreas comunes, siempre que con ello no menoscabe el derecho de los demás titulares al disfrute de sus respectivas propiedades. Artículo 2 de la Ley de Condominios, 31 LPRA sec. 1921a.

En lo concerniente a la controversia que nos ocupa, el Artículo 65 de la Ley de Condominios, 31 LPRA sec. 1923j, dispone que las acciones u omisiones de la Junta de Directores, así como

los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares. En cuanto al término para radicar, el mismo artículo nos indica que todo tipo de impugnación se tendrá dentro de treinta (30) días contados a partir de la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia. Íd. No obstante, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación, será dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo. Íd.

Ahora bien, distinto es en los casos que se impugnen acuerdos, acciones u omisiones que constituyan violaciones a las disposiciones de la Ley de Condominios, la escritura matriz o del reglamento del condominio que sea. En esos casos, el término prescribirá a los dos (2) años a partir de la fecha en que ocurrió si fue en la presencia del titular o a partir de la notificación de este si no fue en su presencia. Íd.

Por otra parte, en cuanto a los cambios de fachada, el Artículo 39(5) de la Ley de Condominios, 31 LPRA sec. 1922k, (b)(5), establece que:

> …
>
> Ningún titular u ocupante podrá, sin el consentimiento de dos terceras partes (2/3) de los titulares, que, a su vez, reúnan dos terceras partes (2/3) de las participaciones en las áreas comunes, cambiar la forma externa de la fachada, ni decorar o cambiar las paredes, puertas o ventanas exteriores con diseños, colores o tonalidades distintas a las del conjunto. **Cuando una propuesta de cambio de la forma externa de la fachada, decoración de las paredes, puertas o ventanas exteriores con colores o tonalidades distintas a las del conjunto,** sea sometida a votación del Consejo de Titulares será suficiente la aprobación de por lo menos dos terceras partes (2/3) de todos los titulares, que, a su vez, reúnan dos terceras partes (2/3) de las participaciones en las áreas comunes. **Las disposiciones bajo este subinciso con relación al número de votos requeridos, no se aplicarán a los inmuebles sometidos al Régimen de Propiedad Horizontal, previo a la aprobación de esta Ley, los cuales sólo se**

**podrán modificar por unanimidad de los titulares.**
(Énfasis nuestro). …

Tal rigurosidad, se debe a que tanto la fachada como las demás paredes perimetrales de un edificio son consideradas como bienes de uso común. Batista, Nobbe v. Jta. Directores, 185 DPR 206, 219 (2012); Junta Dir. Cond. Montebello v. Torres, 138 DPR 150, 155 (1995). Pues, ya que el titular de un apartamento no adquiere la parte de la fachada del edificio donde está su propiedad, sino que solo a una proporción indivisa. Junta Dir. Cond. Montebello v. Torres, *supra,* pág. 156.

### III.

En esencia, la recurrente sostiene que erró el DACo al determinar que no tenía jurisdicción para atender la *querella* por no haberla radicado en el término dispuesto por ley. Además, alega que el foro recurrido erró al darle validez jurídica a una asamblea que fue celebrada fuera del término que se le ordenó. Igualmente, entiende que las votaciones realizadas en la referida asamblea no son válidas al no haberse obtenido la unanimidad exigida por la Ley de Condominios.

Surge del expediente que, la asamblea en cuestión se celebró el 16 de septiembre de 2024, en el cual asistieron todos los titulares del Condominio Mansiones los Caobos.[1] Esta asamblea tenía como finalidad la uniformidad de la fachada del condominio lo cual incluía, entre otras cosas, la aprobación de unos tipos de ventanas, así como el color y tinte de estas. Inconforme la señora Richa con la determinación emitida en la referida asamblea por ser contraria a la Ley de Condominios, el 24 de octubre de 2024 esta radicó una *querella* ante el DACo en contra de la Junta de Directores y Consejo de Titulares del

---

[1] Entrada #1, Anejo 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal Apelativo (SUMAC TA).

Condominio Mansiones Los Caobos. No obstante, el DACo se declaró sin jurisdicción resolviendo que dicha querella no cumplió con el término de treinta (30) días que establece el Artículo 65 de la Ley de Condominios para radicar la misma.

Según reseñamos, el mismo Artículo 65 de la Ley de Condominios, *supra,* dispone que, si se trata de una impugnación de acuerdos, acciones u omisiones que constituyen una violación a la Ley de Condominios, la escritura matriz o el reglamento del condominio, la acción prescribirá a los **dos (2) años.** No nos alberga dudas, que la impugnación de la recurrente con la asamblea es sobre la violación de las normas preceptuadas en la Ley de Condominios y el reglamento del Condominio Mansiones los Caobos. Al respecto, la señora Richa alegó que en la asamblea no se votó de manera unánime sobre los cambios en la fachada (ventanas), en contravención del Artículo 39(5) de Ley de Condominios y de la Sección 2.14 del Reglamento del mismo condominio.[2] Por tanto, resolvemos que le aplica el término de dos (2) años, el cual cumplió de manera oportuna ya que solo había transcurrido treinta y ocho (38) días. Así pues, coincidimos con la recurrente que el DACo incidió al declararse sin jurisdicción.

Igualmente, coincidimos con el planteamiento de la recurrente en cuanto a que el DACo erró al determinar que la asamblea se hizo conforme a la Ley de Condominios. El DACo argumentó que la *querella* trataba de una oposición a la determinación de asamblea del Consejo de Titulares en torno a unos estilos de ventana, lo cual, a su entender, para que proceda, no se necesita mayoría absoluta o unanimidad de los titulares. Más bien, este razonó que, lo que se necesita es el consentimiento

---

[2] Entrada #1, Anejo 9 del SUMAC TA.

de dos terceras (2/3) partes de los titulares, que, a su vez, reúnan dos terceras (2/3) partes de las participaciones en las áreas comunes.

Según la normativa antes expuesta, el Artículo 39(5) de la Ley de Condominios dispone que, para llevar a cabo un cambio de fachada —lo cual incluye decorar o cambiar las paredes, puertas o ventanas exteriores con diseños, colores o tonalidades distintas a las del conjunto— se requiere el consentimiento por lo menos de dos terceras partes (2/3) de todos los titulares. Ahora bien, el mismo artículo dispone que el mencionado número de votos requeridos, no se aplicarán a los inmuebles sometidos al Régimen de Propiedad Horizontal, previo a la aprobación de la Ley de Condominios del 2020. Surge del Reglamento del Condominio Mansiones los Caobos que la escritura matriz se otorgó para allá en el año 1977.[3] Por tanto, los titulares debían aprobar el cambio propuesto de manera unánime, toda vez que el Condominio fue sometido al régimen de propiedad horizontal previo a la aprobación de la Ley de Condominios del año 2020.

Si bien es cierto que en la asamblea decidió de forma unánime algunas de las mociones sobre el estilo de las ventanas, no es menos cierto que hubo otras que fueron aprobadas sin el consentimiento de todos los titulares. Ante ello, conviene convocar otra asamblea en la que se atiendan aquellas mociones que no fueron resueltas de forma unánime.

**IV.**

Por las razones que anteceden, revocamos la *Resolución* recurrida.

---

[3] Entrada #1, Anejo 8 del SUMAC TA.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones