Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| CONSEJO DE TITULARES DEL CONDOMINIO MADRID<br><br>Recurridos<br><br>v.<br><br>FRANCISCO CÓRDOVA LÓPEZ Y OTROS<br><br>Peticionarios | TA2025CE00853 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2025CV00446<br><br>Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Comparece ante nos la parte peticionaria, Francisco Córdova López, su esposa Julia Marrero Rolán, la Sociedad Legal de Gananciales compuesta por ambos, así como Eric Xavier Conde Lespier, su esposa Natalia Carmen Guanipa Sánchez y la Sociedad Legal de Gananciales compuesta por ambos (en adelante y en conjunto, parte peticionaria), y nos solicita la revisión de la *Orden de Embargo* emitida por el Tribunal de Primera Instancia, Sala de San Juan, el 3 de noviembre de 2025, notificada al día siguiente. Mediante la misma, el Foro Primario autorizó un embargo preventivo al amparo del Artículo 59 de la Ley de Condominios, Ley Núm. 129-2020, según enmendada, 31 LPRA sec. 1923d.

Por los fundamentos que expondremos a continuación, *se deniega* la expedición del recurso de *Certiorari*.

**I**

El 20 de enero de 2025 la parte recurrida, el Consejo de Titulares del Condominio Madrid (en adelante, parte recurrida o Consejo de Titulares), presentó una demanda en cobro de dinero por cuotas de mantenimiento vencidas en contra de la parte peticionaria.[1] En esa

---
[1] Apéndice del recurso, Entrada Núm. 1.

misma fecha, la parte recurrida presentó una *Moción de Embargo Preventivo*.[2] En la misma, alegó que la parte peticionaria adeudaba cuarenta y seis mil quinientos setenta y un dólares con treinta y cuatro centavos ($46,571.34) por concepto de cuotas de mantenimiento y derramas, así como veintiocho dólares con ochenta y cuatro centavos ($28.84) por cada día que transcurriera sin satisfacer dicha cantidad. Además, arguyó que adeudaban una cantidad estimada ascendente a dieciséis mil dólares ($16,000.00) por concepto de honorarios de abogado. Por consiguiente, solicitó que, al amparo del Artículo 59 de la Ley de Condominios, *supra*, se emitiera una orden de embargo preventivo y mandamiento.

Tras varios asuntos procesales impertinentes pormenorizar, el 18 de junio de 2025, la parte peticionaria presentó su *Moción en Oposición a Moción de Embargo Preventivo*.[3] En síntesis, señaló que las partes de epígrafe habían llegado a un acuerdo en el caso núm. SJ201901978. No obstante, sostuvo que la parte recurrida incumplió con el mismo. Por ello, adujo que no procedía la solicitud de embargo preventivo.

Así las cosas, el 31 de octubre de 2025, se celebró una vista para dilucidar la petición del embargo preventivo.[4] En la misma, declaró la señora Beth Bedell, presidenta del Consejo de Titulares. Además, se admitió como prueba documental de la parte recurrida una declaración jurada suscrita por dicha testigo.

Luego de evaluada la prueba, 3 de noviembre de 2025, el Tribunal de Primera Instancia emitió la *Orden de Embargo Preventivo*.[5] En su dictamen, el Foro Primario señaló que la parte peticionaria no impugnó la cuantía de la deuda en controversia, así como que tampoco negó haber dejado de satisfacer las cuotas de mantenimientos. El Foro de Instancia concluyó que se cumplieron con los requisitos para la

---

[2] *Íd.*, Entrada Núm. 3.
[3] *Íd.*, Entrada Núm. 24.
[4] *Íd.*, Entrada Núm. 53.
[5] *Íd.*, Entrada Núm. 51.

emisión de la orden de embargo, por lo que ordenó al Registrador de la Propiedad anotar el mismo sobre la propiedad de la parte peticionaria, asegurando el recobro de cuarenta y seis mil quinientos setenta y un dólares con treinta y cuatro centavos ($46,571.34) por concepto de cuotas de mantenimiento, derramas, y otros cargos adeudados a la parte recurrida.

Inconforme, el 3 de diciembre de 2025, la parte peticionaria presentó el recurso de epígrafe. En el mismo, señaló la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia, Sala de San Juan, en la admisión de los documentos presentados por la parte recurrida para justificar la orden de embargo preventivo.

> Erró el Tribunal de Primera Instancia, Sala de San Juan, en expedir la orden de embargo preventiva, ya que la parte recurrida no produjo los documentos que requiere la sección 31 LPRA 1921(b) de la Ley de Condominios de Puerto Rico.

> Erró el Tribunal de Primera Instancia, Sala de San Juan, en acoger el planteamiento de los recurridos de que la deuda de cuotas de mantenimiento están fundamentadas en el valor de las propiedades y no en la proporción de la propiedad de estos en el Condominio.

Por su parte, el 3 de marzo de 2026, la parte recurrida presentó su *Oposición a la Expedición de Auto de Certiorari*.

Luego de examinar el expediente que nos ocupa, y con el beneficio de la comparecencia de ambas partes de epígrafe, estamos en posición de disponer del presente asunto.

**II**

**A**

El régimen de propiedad horizontal es una institución jurídica *sui generis*, consistente en el dominio exclusivo de una unidad inmueble que "coexiste con un condominio forzoso e inseparable de elementos comunes". *Bravman, González v. Consejo Titulares,* 183 DPR 827, 844 (2011), citando a *Arce v. Caribbean Home Const. Corp.,* 108 DPR 225, 236 (1978). Su principio rector es garantizar a los titulares el disfrute de la propiedad individual. De ahí que, la *Ley de Condominios de Puerto Rico*, Ley Núm. 129-2020, según enmendada,

31 LPRA sec. 1921 *et seq.,* reconoce al titular de un apartamento sometido al régimen de propiedad horizontal, el derecho al pleno disfrute de este y de las áreas comunes, ello sin menoscabo de los derechos ajenos. Así pues, el estado de derecho en esta materia propende a la sana convivencia entre condóminos, mediante la conciliación de los derechos y prerrogativas involucrados. *Junta de Dir. Cond. Montebello v. Torres,* 138 DPR 150, 154 (1995).

Ahora bien, y atinente a lo que nos ocupa, el Artículo 59 del referido estatuto, 31 LPRA sec. 1923d, dispone lo siguiente:

> Los titulares de los apartamentos están obligados a contribuir proporcionalmente a los gastos para la administración, conservación y reparación de los elementos comunes generales del inmueble y, en su caso, de los elementos comunes limitados, así como a cuantos más fueren legítimamente acordados.
>
> [...]
>
> La deuda de un titular por concepto de cuotas de mantenimiento para gastos comunes se le podrá reclamar judicialmente luego de ser requerido de pago mediante correo certificado con acuse de recibo y de este no cumplir el pago en el plazo de vencimiento.
>
> Cuando se reclame la deuda por la vía judicial, el tribunal, a instancias del demandante, evaluará y determinará si a su juicio procede decretar el embargo preventivo de las bienes del deudor o deudores, libre de fianza, y sin otro requisito que la presentación de una certificación jurada por el Presidente o el Tesorero, ante un notario público u otro funcionario autorizado para tomar juramentos, en que conste el acuerdo que aprobó el gasto exigible y su cuantía, así como la gestión de requerimiento de pago a que se refiere el párrafo cuarto anterior. Una vez decretado el embargo será responsabilidad de la Junta de Directores presentar al Registro de la Propiedad una copia certificada de la orden para su anotación en la finca pertinente.
>
> [...].

**B**

Por otra parte, nuestro ordenamiento jurídico provee, para que, en todo pleito, antes o después de una sentencia, por moción de la parte interesada, un tribunal dicte cualquier orden provisional para asegurar la efectividad de la misma. Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1. *Citibank NA v. ACBI et al.,* 200 DPR 724, 731 (2018). Esta disposición otorga amplia discreción al Tribunal de Primera Instancia para conceder o denegar el remedio solicitado, con la exclusiva limitación de que la medida sea razonable y dirigida al

propósito esencial de asegurar el cumplimiento del pronunciamiento de que trate. *F.D. Rich Co. v. Tribunal Superior*, 99 DPR 158, 176 (1970). En particular, el precitado estatuto, reza:

> En todo pleito antes o después de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial.

32 LPRA Ap. V. R. 56.1.

El estado de derecho reconoce que la anterior enumeración de remedios no constituye una lista taxativa. *Citibank NA v. ACBI et al,* supra, pág. 732. Por tanto, el tribunal está facultado para dictar cualquier orden provisional que intime apropiada y necesaria para asegurar la efectividad de la determinación que pudiese recaer. *Íd.* No obstante, al resolver si procede, o no, el remedio que se le solicite, el ejercicio de la función judicial pertinente debe considerar los siguientes criterios: 1) que el remedio solicitado sea provisional; (2) que su objetivo sea asegurar la efectividad de la sentencia que en su día dicte el tribunal, y (3) que se consideren los intereses de todas las partes. *Scotiabank v. ZAF Corp. et. al.*, 202 DPR 478, 489 (2019); *Citibank NA v. ACBI et al,* supra, pág. 733; *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1, 13 (2016).

### C

Por su parte, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,*

194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada*, In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio

judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

En el presente caso, la parte peticionaria alegó que el Tribunal de Primera Instancia erró al admitir la prueba documental de la parte recurrida, así como al determinar que se cumplieron los requisitos para conceder la orden de embargo preventivo solicitada. Por último, arguyó que el Foro Primario incidió al determinar que las cuotas de mantenimiento estaban basadas en el valor de las propiedades.

Habiendo entendido sobre los referidos señalamientos a la luz del derecho aplicable y de las particularidades del caso que nos ocupa, es nuestra apreciación que no concurre criterio alguno que amerite que impongamos nuestras facultades sobre lo resuelto por el Tribunal de Primera Instancia. Nada en los documentos que constan en el recurso ante nuestra consideración, ni en la transcripción de los procedimientos de la vista celebrada el 31 de octubre de 2025, sugiere que, en el ejercicio de sus funciones adjudicativas, el Foro de Instancia haya incurrido en error o en abuso de discreción, ello a fin de suprimir la norma de abstención judicial que, en dictámenes como el de autos,

regula nuestras funciones. Siendo de este modo, no podemos sino abstenernos de intervenir con el asunto traído ante nos. Así, por no concurrir los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* denegamos expedir el auto presentado.

**IV**

Por los fundamentos antes esbozados, *denegamos* la expedición del recurso de *Certiorari.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones